## ALBERT TUBB V. THE STATE.

No. 21128. Delivered May 22, 1940.
Rehearing Denied June 26, 1940.

The opinion states the case.

*Oscar B. Jones, J. H. Broadhurst,* and *Harvey P. Shead,* all of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is assault with intent to murder; the punishment, confinement in the penitentiary for five years.

At the time notice of appeal was given the court entered no order extending the time for filing bills of exception. The term of court at which appellant was convicted adjourned

March 2, 1940. In the absence of an extension order, appellant had thirty days from the date last mentioned in which to file his bills of exception. See Subdivision 5, Art. 760, C. C. P. On the 29th day of April, 1940, the court undertook to grant appellant ninety days from January 30, 1940—the date notice of appeal was given—in which to file bills of exception. Having been entered more than thirty days from the date of adjournment of court, the extension order came too late.

Appellant's bills of exception were filed April 29, 1940. Having been filed more than thirty days from the date of adjournment, the bills cannot be considered.

Sam Thomas, the injured party, was proprietor of a store. According to his testimony and the testimony of his father, George Thomas, appellant and D. S. Barlow came into the store and asked for a blank check. A quarrel ensued between appellant and Barlow. Finally appellant began to use profane language. The injured party remonstrated with appellant, saying to him that language of the character appellant was using was not permitted in his place of business. He asked appellant and Barlow to leave. Opening his knife, appellant started toward the injured party. He (the injured party) attempted to call over the telephone for help. Barlow ran from the store. Appellant continued to advance upon the injured party, and he hit him in the face with the receiver in an effort to protect himself against the knife. Appellant staggered backwards and continued to hold the knife in his hand. The injured party got in between appellant and George Thomas. He again requested appellant to leave but appellant "shoved" him and he threw a bottle of snuff at appellant. Appellant then cut him on the arm and across the throat. He was taken to a hospital for treatment, where he remained several days.

The attending physician testified that the wounds the injured party received were dangerous. It was shown that the knife appellant used had a blade three and one-half or four inches long.

Appellant testified that he was being attacked by George Thomas and the injured party and that he acted in defense of himself at the time the injuries were inflicted upon the injured party. His testimony was given support by that of his wife and Barlow.

The evidence is deemed sufficient to support the judgment of conviction.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant complains because of our failure in the original opinion herein to consider his bills of exceptions because the same were not filed under a proper order of the court. He attempts to show by affidavit that such failure was not due to any fault upon his part, and that he has been wrongfully deprived of his right to have his case reviewed in this court.

We have examined the bills of exception and find two of them in question and answer form without any certificate of a necessity therefor by the trial judge. The third and only other bill is so vague and indefinite that to say the least no error is therein shown, and the motion is therefore overruled.